# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **REINALDO JIMENEZ,** | Civil Action No. 17-768 (JLL) |
| Petitioner, | |
| v. | OPINION |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

**LINARES, District Judge**

IT APPEARING THAT:

1. Following a jury trial, Petitioner Reinaldo Jimenez was convicted of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) in February 1998. (*See* Docket No. 97-156 at ECF No. 252). Following the verdict at trial, Petitioner fled this district, remaining at large until he was apprehended in California in November 2014. (*See* Docket No. 97-156 at ECF No. 244). Following his return to this District, this Court sentenced Petitioner to 96 months imprisonment on October 6, 2015. (Docket No. 97-156 at ECF No. 252). Petitioner does not appear to have appealed his sentence. (ECF No. 3 at 3).

2. On January 31, 2017, Petitioner filed in this court a purported motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 1). This Court administratively terminated that motion on February 7, 2017, because Petitioner had used an improper form. (ECF No. 2).

3. On March 8, 2017, Petitioner filed an amended motion to vacate sentence on the appropriate form. (ECF No. 3). Because Petitioner has now refiled his motion on the correct form,

1

this Court is required to preliminarily review Petitioner's amended motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, and to "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

4. In his amended motion, Petitioner presents two requests – that this Court consider his alleged post-verdict and post-arrest acceptance of responsibility and reduce his sentence pursuant to U.S. Sentencing Guideline § 3E1.1, and that this Court consider an amendment to the minor role guideline, which Petitioner contends is retroactive, and reduce his sentence accordingly. (ECF No. 3 at 5-15). Petitioner does not assert, in either of his claims, that his current sentence is unconstitutional or was legally improper at the time it was issued, instead asserting only that he believes that an amendment to the guidelines retroactively reduces his sentence, and that he desires the Court to reconsider his sentence based on his alleged post-guilty verdict and post-flight acceptance of responsibility. (*Id.*).

5. 28 U.S.C. § 2255 provides federal prisoners with a means through which they may collaterally attack their convictions and sentences. The statute, however, only provides an avenue for relief for convicted prisoners asserting a right to release "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Thus, a party may only seek relief under the statute if he alleges a jurisdictional defect, a constitutional violation, or an error of law or fact that constitutes "a fundamental defect which inherently results in a complete miscarriage

of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)), *cert. denied*, 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F.Supp.2d 454, 458-59 (D.N.J. 2003). Because most claims concerning a Sentencing Guidelines error under the advisory guidelines are not constitutional or jurisdictional in nature, such challenges are generally not cognizable under § 2255 absent a miscarriage of justice. *See United States v. Bell*, No. 13-5809, 2016 WL 3638116, at *6 n.3 (E.D. Pa. July 6, 2016); *see also United States v. Ruddock*, 82 F.App'x 752, 758 (3d Cir. 2003); *but see United States v. Doe*, 810 F.3d 132, 159 (3d Cir. 2015) (permitting a Guidelines error claim under § 2255 where the petitioner is challenging substantive Guidelines errors imposed under the pre-2005 mandatory sentencing guidelines, but declining to address such a claim under the current advisory Guidelines).

6. In his current motion, Petitioner presents two claims in which he essentially seeks to have this Court reduce his sentence based on an amendment to the minor role Guideline, as well as based on his opinion that, despite his having gone to trial and thereafter fleeing, he should receive a reduction for acceptance of responsibility under Guideline § 3E1.1. Petitioner does not assert in either claim that this Court's original sentence was improper, illegal, unconstitutional, or even unjust, instead asserting only his desire for a reduction of that sentence. Thus, Petitioner has not stated a cognizable § 2255 claim. *See Bell*, 2016 WL 3638116 at *6 n.3; *Ruddock*, 82 F.App'x at 758.

7. Even if Petitioner's § 3E1.1 claim were cognizable under § 2255, that claim would fail because the Guideline permits reductions of a sentence only where a criminal defendant's acceptance of responsibility permitted the Government to avoid preparing for trial, and only where the Government files a motion with the sentencing court seeking such a reduction, which did not

occur here. *See, e.g., United States v. Drennon*, 516 F.3d 160, 161-63 (3d Cir. 2008). In light of Petitioner's having gone to trial and fleeing the District following his conviction, Petitioner is clearly not entitled to any credit under the acceptance of responsibility Guideline, and his acceptance of responsibility claim would fail even if it were available under § 2255. *Id.*

8. Petitioner's other claim, that a retroactive amendment to the minor role adjustment guideline should warrant a reduction in his sentence, is also not cognizable under § 2255. As this Court explained in administratively terminating Petitioner's original motion, a "motion for resentencing based on amendments to the Guidelines is not appropriately brought in a § 2255 motion [but instead should be brought by filing] a motion under 18 U.S.C. § 3582(c)(2) in [the petitioner's] criminal case." *Seabrooks v. United States*, No. 15-6972, 2016 WL 3409582, at *3 n.6 (D.N.J. June 15, 2016). Thus, Petitioner's Guideline Amendment claim is also improper under § 2255, and it must be dismissed as such. *Id.*[1]

9. This Court is dismissing both of Petitioner's claims because they fail to state a cognizable § 2255 claim, and because Petitioner's acceptance of responsibility claim is otherwise without merit, and thus this Court must also address whether a certificate of appealability is warranted in this matter. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a proceeding under § 2255 unless he "has made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason

---

[1] Following the administrative termination of his first § 2255 motion, Petitioner filed not only this amended motion, but also a motion for a reduction of sentence under § 3582(c) based on the amended guideline claim in his criminal case. (*See* Docket No. 97-156 at ECF No. 253). Because Petitioner has already filed a § 3582(c) motion, this Court need not and will not construe his amended motion to vacate as a § 3582(c) motion. This Court expresses no opinion at this time as to the merits of Petitioner's amended guideline claim under § 3582(c), and will instead address that argument in deciding Petitioner's § 3582(c) motion in his criminal case.

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with this Court's finding that Petitioner's claims are not cognizable under § 2255 and that Petitioner's acceptance of responsibility claim is otherwise without merit, Petitioner has failed to make a substantial showing of the denial of a constitutional right and his claims do not deserve encouragement to proceed further. Petitioner is therefore denied a certificate of appealability.

10. In conclusion, Petitioner's amended motion to vacate sentence (ECF No. 3) is hereby DISMISSED and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge

Dated: April 10th, 2017